IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number:  15-CV-01210-RM-NYW

MY24HOURNEWS.COM, INC.,
a Colorado corporation

        Plaintiff,

v.

AT&T CORP.,
a New York corporation

        Defendant.

## STIPULATED PROTECTIVE ORDER FOR JURISDICTIONAL DISCOVERY

Plaintiff, My24HourNews.com, Inc. ("Plaintiff:"), and Defendant AT&T Corp. ("Defendant" or "AT&T Corp.") (collectively, the "Parties"), through their undersigned counsel, stipulate as follows, pursuant to Federal Rule of Civil Procedure 26(c), that for the purposes of the jurisdictional discovery authorized by the Court's October 22, 2015 Order (ECF 61), confidential information shall be disclosed only in the following designated ways.

Upon a showing of good cause in support of the stipulation, to protect the discovery and dissemination of confidential which will improperly annoy embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. As used in this Protective Order, these terms have the following meanings:

   a. "Action" means the case styled *My24HourNews.com v. AT&T Corp.*, Case No. 15-CV-01210-RM-NYW, in the United States District Court for the District of Colorado.

   b. "Attorneys" means in-house counsel, and outside counsel of record representing or advising a Party in the action.

   c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

   d. "Confidential" Documents are Documents designated pursuant to paragraph 2, below.

   e. "Party" or "Parties" means the Plaintiff and Defendant in this action.

   a. "Written Notification" and/or "Notice to Counsel" as required under the terms of this Protective Order shall with respect to Plaintiff require that such notice be delivered to: Michael D. Murphy, The Law Offices of Michael L. Glaser, LLC, 1720 S. Bellaire St., Suite 607, Denver, Colorado, 80222, mmurphy@glaserlegal.com; and with respect to Defendant, to Lee F. Johnston, Dorsey & Whitney LLP, 1400 Wewatta Street, Suite 400, Denver, Colorado, 80202, johnston.lee@dorsey.com.

   b. "Written Assurance" means an executed Document in the form attached hereto as Exhibit A.

2. A Party may designate information, whether in oral, written, paper, or electronic form, disclosed in this Action through discovery pursuant to the Federal Rules of Civil Procedure "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c)(1)(G) where the designating Party in good faith believes the Document contains confidential, proprietary, or commercially sensitive information. Information shall not be designated Confidential where it shows on its face to have been disseminated to the public. For Documents, information shall be designated Confidential at or prior to the time of production of the Documents by stamping or otherwise marking the documents as Confidential on each page to be deemed confidential. A party may designate information produced in an electronic format as Confidential by placing a confidentiality marking on the disk or device on which the documents are produced. <u>Prior to designating any document or information as Confidential, counsel of record for a party must review the document and or information, to certify in good faith that such document and/or inform implicates common law or statutory privacy and/or confidentiality issues to warrant designation.</u>

3. A Party receiving information designated Confidential may object to that designation and request the removal of such designation as outlined under the procedures set forth under paragraph 13 of this Protective Order.

4812-2146-1802\7

4. All Confidential information shall be used solely for the purpose of this Action and no other separate proceeding of any kind. No Party receiving such information shall, directly or indirectly, use, transfer, disclose, publicize, promote, or communicate in any way the information, including Documents or their contents to any person other than those specified in paragraph 5 of this Protective Order. Any other use or disclosure is strictly prohibited.

5. Access to any Confidential information shall be limited to:

   a. The Court and its staff;

   b. A court of competent jurisdiction in a proceeding by a Party made in connection with this Action (e.g., a subpoena made to obtain Documents for use in this Action), provided that the Party disclosing the Documents designated Confidential submit them under seal;

   c. The named parties in the action (including officers, directors, employees and agents of the named parties who are assisting in the litigation);

   d. The Attorneys and their law firms, including support staff;

   e. The author, recipient, or custodian of the Document;

   f. Any person from whom noticed testimony is or will be taken at deposition or trial (and their counsel) to the extent reasonably necessary in connection with their testimony, provided that such person has

      executed the Written Assurance prior to being presented such information;

g. Any person who the Attorneys believe may be a potential witness in this Action who has executed the Written Assurance, provided that no such Documents may be left in the possession of a potential witness unless or until the potential witness's executed Written Assurance is provided to the producing Party;

h. Professional vendors (including outside information technology, photocopying, data processing, graphic production, , document management, investigators, and litigation support employed by the Parties or their Attorneys to assist in this action), court reporters and videographers, messengers, and other providers of clerical services;

i. Outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any party) who are retained by a Party or its Attorneys to furnish technical or expert services, and/or to give expert testimony in this action, who have executed the Written Assurance; and

j. Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes.

6. Attorneys to the Party that provides Confidential information to such persons as listed above for which a Written Assurance must be executed (*i.e.*, ¶¶5(g), (i)) shall maintain the Written Assurance in its files for 60 days following the termination of this litigation, including any appeals.

7. With respect to each person to be designated pursuant to paragraph 5(i), the designating Party's Attorneys shall notify Attorneys for the other Party(ies) at least 7 days prior to disclosure to any such person. Such notice shall provide a reasonable description of the outside independent person, consultant or expert to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 7 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

8. Any Party who inadvertently fails to identify Documents as Confidential shall, within 14 days from the discovery of its oversight, provide written notice of the error to the receiving Party. The designating Party shall substitute appropriately-designated Documents at the time it provides written notice. Any Party receiving such improperly-designated Documents shall make reasonable efforts to retrieve such Documents from persons not entitled to receive those Documents and, upon receipt of the substitute Documents, shall return or destroy the improperly-designated Documents.

9. If a Party files with the Court a Document containing Confidential information, it shall do so in compliance with the requirements of D.C.COLO.L.Civ.R 7.2 and the Electronic Case Filing Procedures for the District of Colorado (version 4.0) as they pertain to filing documents under seal. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not confidential and need not be preserved under seal. <u>Nothing in this Order may be construed as a ruling to restrict any document and/or information.</u>

10. Any Party may challenge the designation of any information designated Confidential. Any such document shall be treated as originally designated while the parties confer and, if applicable, until the Court's decision on the proper designation. If the requested change in designation is not agreed to, the Party requesting the change may move the Court to have the designation removed or reduced. The moving party must provide notice to any non-party whose designation of produced documents as Confidential in the Action may be affected. The Party asserting that the Document or category of Documents is Confidential shall have the ultimate burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. If Documents or information subject to any legally cognizable privilege or evidentiary protection (including, but not limited to, the attorney-client

privilege or the work-product doctrine) are inadvertently disclosed, such disclosure alone shall not constitute a waiver of any claim of privilege or protection for such Documents.  Promptly upon discovery of such inadvertent disclosure, the disclosing Party shall advise the receiving Party in writing of the claim of privilege or immunity from discovery and the basis for it.  Upon notice, the receiving Party shall immediately return or destroy the inadvertently produced documents or information, including all copies thereof.  If the receiving Party disclosed or distributed the documents before being notified of the inadvertent disclosure, it must take reasonable steps to retrieve the inadvertently produced documents, including all copies, and return or destroy such copies.  Upon request, the receiving party shall provide written confirmation of its compliance with this paragraph 11.

12. If any Document is offered as an exhibit to dispositive motion papers, and the designating Party claims that the Document was inadvertently produced and is subject to the attorney-client privilege and/or work-product protection or other immunity from disclosure, all Parties shall still comply with Fed. R. Civ. P. 26(b)(5)(B)  and paragraph 11.

13. Within 60 days of the termination of this Action, including any appeals, each receiving Party shall either destroy or return to the producing Party all Documents designated as Confidential and all copies of such Documents, and

shall destroy all extracts and/or data taken form such documents. Each Party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court, any attorney work product, transcripts or Court opinions and orders, and all correspondence generated in connection with the Action.

14. The terms of this Protective Order shall govern the jurisdictional discovery permitted by the Court's October 22, 2015 Order (ECF 61). The Parties shall submit a separate Protective Order to govern merits-based discovery in the event the Court denies AT&T Corp.'s Motion to Dismiss Plaintiff's Amended Complaint (ECF 46). Nothing in this Protective Order for Jurisdictional Discovery shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality in the merits-based Protective Order.

15. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by this Protective Order shall survive the termination of this Action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of

the Clerk of Court.  Following that 60-day period, the Clerk of Court shall

destroy all such materials.

Entered this 19th day of November, 2015.

                BY THE COURT:

                s/ Nina Y. Wang
                Nina Y. Wang
                United States Magistrate Judge

| APPROVED: | APPROVED: |
|---|---|
| *s/Lee F. Johnston* | *s/Michael D. Murphy* |
| Lee F. Johnston | Michael D. Murphy |
| Tucker K. Trautman | The Law Offices of Michael L. Glaser, LLC |
| Case Collard | 1720 S. Bellaire St., Suite 607 |
| DORSEY & WHITNEY LLP | Denver, CO 80222 |
| 1400 Wewatta Street, Suite 400 | Telephone: 303-757-1600 |
| Denver, CO 80202 | Email:  mmurphy@glaserlegal.com |
| Telephone: 303-629-3400 | |
| Email:  johnston.lee@dorsey.com | **Attorneys for Plaintiff** |
| Email:  trautman.tucker@dorsey.com | **My24HourNews.Com, Inc.** |
| Email:  collard.case@dorsey.com | |
| | |
| **Attorneys for Defendant AT&T Corp.** | |

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in the case of My24HourNews.com v. AT&T Corp., Case No. 15-CV-01210-RM-NYW (D. Colo.). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I will not disclose any information or item that is designated Confidential to any person or entity except in compliance with the provisions of the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return or destroy any documents in my possession designated Confidential, and all

11

copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, to the Attorney from whom I received them.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  _____          _____
                (Date)                                        (Signature)